IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MATTHEW AND WENDY PATE** § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| § | |
| vs. § | CASE NO. 3:22-CV-00713-K |
| § | |
| § | |
| **STATE FARM LLOYDS,** § | |
| § | |
| *Defendant* | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Matthew and Wendy Pate (hereinafter referred to as "Plaintiffs"), and files this *Plaintiffs' First Amended Complaint*, complaining of State Farm Lloyds ("Defendant"), and for cause of action, Plaintiffs would respectfully show this honorable Court the following:

### PARTIES

1. Plaintiffs, Matthew and Wendy Pate, are individuals domiciled in Kaufman County, Texas.

2. Defendant, State Farm Lloyds, is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its counsel herein through the ECF system.

### JURISDICTION AND VENUE

3. This case was removed by the Defendant from the 422nd Judicial District of Kaufman County, wherein such case was Cause No. 110245-422, styled *Matthew and Wendy Pate*

*v. State Farm Lloyds*. Removing Defendant filed its Notice of Removal herein on March 28, 2022 (Doc. 1), alleging this Court's jurisdiction over it and Plaintiffs.

4. The Court has jurisdiction over this lawsuit to 28 U.S.C. §1332(a)(1) because Plaintiff, a citizen of Texas, and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. Therefore, this Court has diversity jurisdiction and specific personal jurisdiction over all the Parties pursuant to 28 U.S.C. §1332(a)(1).

5. The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

6. Venue is proper in the Northern District of Texas because the Plaintiff resides in Kaufman County, Texas, the insured property at issue is situated therein, the events giving rise to this lawsuit occurred therein, and the state court where the lawsuit was originally filed is located within the district.

## CONDITIONS PRECEDENT

7. Plaintiff alleges generally that all conditions precedent have occurred or been performed.

## FACTS

8. Plaintiffs are the owner of Texas insurance policy 43EVE0254 (hereinafter the "Policy"), which was issued by Defendant.

9. Plaintiffs own the insured property, which is specifically located at 8471 FM 429 Kaufman, TX 75142 (hereinafter the "Property").

10. Defendant sold the Policy insuring the Property to Plaintiffs.

11. On or about March 25, 2021, a wind/hailstorm caused extensive damage to the insured Property.

12. Plaintiffs submitted a claim to Defendant against the Policy for damages the Property sustained as a result of the storm event. Upon information and belief, Defendant assigned number 4319L629M to the claim.

13. Plaintiffs asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

14. On or about May 13, 2021, Defendant inspected the property and found covered damage to the roof's turbines, flashings, and 3 shingles, but did not issue a payment to Plaintiffs for the damages. Defendant, on multiple occasions failed to properly inspect the property and failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss.

15. As a result of Defendant's failure to pay properly covered damages, Plaintiff hired Public Adjuster, Elliott Claim Services, LLC, to inspect and estimate the damages to the Property.

16. On or about June 18, 2021, Cayne Seymour of Elliott Claim Services, LLC, conducted an inspection of the Property and found extensive damage related to the Date of Loss of March 25, 2021 to Plaintiffs' Roof totaling $76,697.62.

17. On or about August 5, 2021, Defendant's field adjuster, Andy Patterson, and Mr. Seymour conducted a mutual inspection of the Property. During the course of said inspection, Mr. Seymour chalked several areas of distinct hail damage and yet, Defendant's adjuster's estimate did not include all marked damages. Defendant's adjuster then revised Defendant's estimate to include only the addition of window repair, all the while still (perplexingly) refuting any hail damage whatsoever to the roof.

18. On or about August 12, 2021, Elliott Claims Services, LLC, delivered its Final Demand on behalf of Plaintiffs for a total of $75,194.30. To date, Defendant has not properly paid Plaintiffs for their covered damages.

19. Defendant set about to deny and/or underpay on properly covered damages. As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiffs to repair the Property, Plaintiffs' claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in Plaintiffs' ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

20. As detailed in the paragraphs below, Defendant wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Defendant underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

21. To date, Defendant continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to the Property.

22. Defendant failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been

carried out and accomplished by the Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

23. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24. Defendant failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26. From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.003(b)(4).

27. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

28. As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

29. Defendant is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code §542.

## BREACH OF CONTRACT

30. The Policy is a valid, binding, and enforceable contract between Plaintiffs and Defendant.

31. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

32. Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiffs.

33. The Defendant's breach proximately caused Plaintiffs' injuries and damages.

34. All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

35. The Claim is a claim under an insurance policy with the Defendant of which Plaintiffs gave proper notice. The Defendant is liable for the Claim. Defendant's conduct constitutes

multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

36. Defendant's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and/or request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

37. Defendant's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

38. Defendant's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

39. Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiffs' injuries and damages.

## DAMAGES

40. Upon the trial of this case, it shall be shown Plaintiffs sustained damages as a result of Defendant's conduct. Plaintiffs respectfully request the Court and jury award the amount of loss Plaintiffs have incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiffs for injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence

in question until the time of trial of this cause, Plaintiffs seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiffs' actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

41. Plaintiffs would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

42. The damages caused by hail and/or wind have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

43. For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

44. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

45. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs is entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

46. Plaintiffs are not making any claims for relief under federal law.

## JURY DEMAND

47. Plaintiffs request a jury trial and have tendered any and all requisite fees for such along with the filing of this *Plaintiffs' First Amended Complaint*.

## STIPULATION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 41(a)(1)(A)(ii)

48. In accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the parties have agreed to stipulate to the dismissal of Plaintiffs' claims, with prejudice, for (1) violations of Section 541 of the Texas Insurance Code, (2) breach of the duty of good faith and fair dealing, (3) violations of the Texas Deceptive Trade Practices Act (DTPA), and (4) common law fraud.

## PRAYER

WHEREFORE, Plaintiffs respectfully request that final judgment be rendered for the Plaintiffs as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;
2) Statutory benefits;
3) Treble damages;
4) Exemplary and punitive damages;
5) Pre-judgment interest as provided by law;
6) Post-judgment interest as provided by law;
7) Attorneys' fees;
8) Costs of suit;
9) Such other and further relief to which Plaintiffs may be justly entitled.

[Signature Page to Follow]

        Respectfully Submitted,

By: _____
    Shaun W. Hodge
    Texas Bar No. 24052995
    shodge@hodgefirm.com
    Racchel Cabrera
    Texas Bar No. 24109093
    rcabrera@hodgefirm.com
    The Hodge Law Firm, PLLC
    The Historic Runge House
    1301 Market Street
    Galveston, Texas 77550
    Telephone: (409) 762-5000
    Facsimile: (409) 763-2300

    ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 25th day of April 2022:

Michael Klein
State Bar No. 11563200
mklein@dykema.com
William Davis
State Bar No. 24105781
wdavis@dykema.com
DYKEMA GOSSETT PLLC
1717 Main Street, Suite 4200
Dallas, Texas 75201
(214) 462-6400
(214) 462-6401 (Fax)

**ATTORNEYS FOR DEFENDANT**

/s/ Shaun W. Hodge_____
Shaun W. Hodge